**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00122-REB

FRONTIER MECHANICAL, INC., a Colorado corporation,

    Plaintiff,

v.

NICK MCGOWAN and
INNOVATIVE MECHANICAL SYSTEMS, INC., a foreign corporation,

    Defendants.

## SCHEDULING ORDER

**Blackburn, J.**

The matter before me is the **Plaintiff's Verified Emergency Motion for *Ex Parte* Temporary Restraining Order and Request to Set Hearing for a Preliminary Injunction with Notice to the Parties Pursuant to F.R.C.P. 65** [#16][1] filed January 22, 2015. A scheduling order should be entered to arrange, schedule, and coordinate the briefing and hearing, if any, necessary to resolve the request for a temporary restraining order.

The defendants have been served with a summons and complaint in this case. *Return of service* [#5, #6]. An affidavit of personal service [#16-4] attached to the present motion shows that a motion for temporary restraining order and preliminary injunction was served on defendant Nick McGowan on January 7, 2015. The present

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

motion is dated January 22, 2015, and it is not clear if the present motion is identical to the motion served on Mr. McGowan or not.  Therefore, I require the plaintiff to serve a copy of the **Plaintiff's Verified Emergency Motion for ex Parte Temporary Restraining Order and Request to Set Hearing for a Preliminary Injunction with Notice to the Parties Pursuant to F.R.C.P. 65** [#16] on each of the defendants as soon as practicable.  In the alternative, counsel for the defendants may waive service and accept service for the defendants.

This case originated with the filing of the complaint of the plaintiffs in the District Court of Arapahoe County, Colorado, in case 2014CV33176.  *See complaint* [#3].   The defendants filed a Notice of Removal which created Civil Action No. 15-cv-00048-MSK.  In that case, Chief United States District Judge Marcia S. Krieger entered an order remanding the newly created federal case to the state court.  Subsequently, the defendants filed their present **Notice of Removal** [#1] – their second notice of removal.  This unorthodox procedure generates questions about the propriety of such a second notice of removal and, thus, the jurisdiction of this court.  Accordingly, I require the parties to brief these issues.

**THEREFORE, IT IS ORDERED** as follows:

1.   That as soon as practicable, the plaintiff shall serve on the defendants (a) a copy of the **Plaintiff's Verified Emergency Motion for *Ex Parte* Temporary Restraining Order and Request to Set Hearing for a Preliminary Injunction with Notice to the Parties Pursuant to F.R.C.P. 65** [#16]; and (b) this order;

2.  That the response, reply, and hearing addressed in this order shall be limited to the issue of the jurisdiction of this court and the request for a temporary restraining

order, as stated in the **Plaintiff's Verified Emergency Motion for ex Parte Temporary Restraining Order and Request to Set Hearing for a Preliminary Injunction with Notice to the Parties Pursuant to F.R.C.P. 65** [#16];

    3. That as soon as practicable, the plaintiff shall file with the court a return of service, or its legal and functional equivalent, demonstrating that the motion for temporary restraining order [#16] has been served on the defendants;

    4. That by **Wednesday, January 28, 2015, at 5:00 p.m. mountain standard time**, the defendants shall file a response[2] to the **Plaintiff's Verified Emergency Motion for ex Parte Temporary Restraining Order and Request to Set Hearing for a Preliminary Injunction with Notice to the Parties Pursuant to F.R.C.P. 65** [#16];

    5. That by **Friday, January 30, 2015**, the plaintiff shall file a reply[3] to the response of the defendants;

    6. That the response and reply shall address the request for a temporary restraining order, the propriety of the filing by the defendant of a second notice of removal in the same case, and, in view of these circumstances, the validity of the contention of the defendants that this court has jurisdiction over this case; and

    7. That absent a demonstrated need for a more immediate hearing, the court shall hear the **Plaintiff's Verified Emergency Motion for *Ex Parte* Temporary Restraining Order and Request to Set Hearing for a Preliminary Injunction with Notice to the Parties Pursuant to F.R.C.P. 65** [#16], on **Tuesday, February 3, 2015,**

---

[2] The response is subject to **REB Civ. Practice Standard IV.B.1.**, which limits the number of pages to 15.

[3] The reply is subject to **REB Civ. Practice Standard IV.B.1.**, which limits the number of pages to 10.

-4-

commencing **at 10:00 a.m.**

Dated January 23, 2015, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge